IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
HOUSTON DIVISION

| | | |
|---|---|---|
| Magdoline S. Hammad, Individually<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:20-cv-3142 |
| | § | |
| RAMSEY HAMMAD, Individually<br>Defendant. | §<br>§<br>§ | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Magdoline S. Hammad ("Plaintiff"), by and through her attorney, brings this action against Ramsey Hammad ("Defendant") and respectfully shows the following:

### PARTIES

1. Plaintiff Magdoline S. Hammad is an individual residing at 3906 Fisherman's Court, Spring, TX 77386.

2. Plaintiff is a citizen of the State of Texas.

3. Defendant Ramsey Hammad is an individual residing at 3906 Fisherman's Court, Spring, TX 77386.

4. Defendant is a citizen of the State of Texas.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's Electronic Communications Privacy Act (ECPA) claims pursuant to 28 U.S.C. § 1331 (federal question). This Court also has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. This Court has personal jurisdiction over Defendant because at all relevant times, Defendants resided at 3906

Fisherman's Court, Spring, Texas 77386 located (and continue to be) in the Southern District Texas, and Defendants acts occurred in the Southern District of Texas.

6. Venue is proper in the Galveston Division of the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b) and (c), because at all relevant times, a substantial part, if not all, of the events giving rise to this action occurred in the Southern District of Texas, and Defendant resides, is located, can be found, and conducts substantial business in the Southern District of Texas. The federal venue statute for non-diversity cases, 28 U.S.C. § 1391, refers to venue in terms of districts, not divisions. Under federal law, there is no requirement that venue be laid in a particular division. Thus, since venue is proper in the Southern District of Texas, venue is proper in the Galveston Division of the Southern District of Texas. See, e.g., U.S. v. Real Property Known as 200 Acres of Land Near Farm to Market Road 2686 in Rio Grande City, Texas, No. 2:11-cv-00368, 2012 WL 1911270, at *2 (S.D. Tex. May 24, 2012) (citing Says v. M/V David C. Devall, 161 F.Supp.2d 752, 753 (S.D. Tex. 2001)).

## NATURE OF THE CASE

7. On or about September 7, 2020 and until September 8, 2020 without authorization from Plaintiff and while she was sleeping, Defendant Ramsey Hammad accessed Plaintiff's smart phone and computerized data as defined in Section 33.01(11) of the Texas Penal Code and in violation of Section 33.02 of the Texas Penal Code. (2 R.R. 125-126, 5 R.R. Ex. 2.) Defendant then disseminated and published the data wrongfully obtained. Defendant surreptitiously and wrongfully hacked the phone of Plaintiff which was password protected.  Defendant's knowledge as an IT professional provided him with the know how to effectuate these illicit acts.  At no time has Plaintiff given permission to Defendant to access her phone, e-mails, voicemails, text messages, or call logs.

8. Defendant Ramsey Hammad took dozens of screenshots and audio files from the phone of Plaintiff Magdoline S. Hammad while she slept.  Defendant subsequently circulated those screenshots and audio files to more than ten family members and friends of Plaintiff in an effort to embarrass and inflict emotional harm on Plaintiff.

9. Defendant has contacted Plaintiff's family and friends in an effort to disparage her, attack her character and integrity.

10. Defendant is attempting to destroy Plaintiff's personal and business relationships. If not stopped, Defendant will continue those attempts. It is difficult to assess the damage done to Plaintiff's reputation, even if damages could be sufficiently quantified and calculated. Defendant lacks the financial resources to provide adequate relief or respond in monetary damages.

## VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (ECPA); 18 U.S.C. §2515.

11. The Electronic Communications Privacy Act (ECPA) amendments to the federal wiretap law extends to "electronic communications" the same protections against unauthorized interceptions that the wiretap law provide for "oral" and "wire" communications via common carrier transmissions. See 18 USC §§ 2701-2711 (1994); Brown v. Waddell, (4th Cir. 1995), 50 F.3d 285. Pertinent provisions of the ECPA are set out in the section pertaining to electronic mail.

12. The federal wiretap statute prohibits use or disclosure of communications obtained in violation of the statute unless use is otherwise provided by statute. The federal statute also bars the use of any wrongfully intercepted communication in any proceeding in state or federal court. 18 U.S.C. §2515. Gelbard v. U.S., 408 U.S. 41, 51-52 (1972) [witness could not be forced to disclose testimony from illegal wiretap to grand jury].

## VIOLATION OF STATE WIRETAPPING LAWS: . §§123.001 - 123.004 of the Texas Civil Practice and Remedies Code

13. Texas also has enacted civil and criminal statutes addressing wiretapping. §§123.001 - 123.004 of the Texas Civil Practice and Remedies Code create a civil cause of action for a person whose communication is intercepted in violation of the statute. The statute permits damages and injunctive relief prohibiting divulgence or use of information obtained by an interception of this nature. This statute applies only to interception of communications by "aural" acquisition of the contents of a communication. It does not include purely verbal communications that are not transmitted by wire or cable, and additionally does not apply to electronic mail. Section 123.002 of this wiretap statute grants a cause of action against any person who "divulges information" that was obtained by an illegal wiretap. Additionally, §16.02 of the Texas Penal Code makes unauthorized interception or use or disclosure of the contents of the interception a felony.

## INVASION OF PRIVACY

14. The preceding factual statements and allegations are incorporated by reference.

15. Defendants intentional acts against Plaintiff directly and/or proximately resulted in an invasion of privacy by public disclosure of such highly confidential and private information. Access to Plaintiff's phone and the wrongful dissemination of such information into the public domain, was achieved by Defendants illicit act. Defendant intentionally invaded Plaintiff's privacy by disseminating their private phone communications to the world.

## RELIEF REQUESTED

16. The preceding factual statements and allegations are incorporated by reference.

**ACTUAL, CONSEQUENTIAL DAMAGES AND/OR NOMINAL DAMAGES.**

17. As a direct and/or proximate result of Defendant Ramsey Hammad's wrongful actions, Plaintiff has suffered (and continue to suffer) economic damages and other actual harm in the form of, inter alia, (i) actual identity theft, identity fraud and/or medical fraud, (ii) invasion of privacy, (iii) statutory damages under ECPA. (iv) emotional distress from the compromise of Plaintiff's communications. Plaintiff's damages were foreseeable by Defendant and exceed the minimum jurisdictional limits of this Court. All conditions precedent to Plaintiff's claims for relief have been performed and/or occurred.

**EXEMPLARY DAMAGES.**

18. Plaintiff is entitled to exemplary damages as punishment and to deter such wrongful actions, inaction and/or omissions in the future. All conditions precedent to Plaintiff's claims for relief have been performed and/or occurred.

**INJUNCTIVE RELIEF.**

19. Plaintiff is entitled to injunctive relief requiring Defendant, (i) immediately disclose to Plaintiff the precise nature, breadth, scope and extent of their stolen and compromised data, including the specific information comprising the stolen "photos and or electronic messages," (ii) make prompt and detailed disclosure of all recipients that received the stolen information.

**ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS.**

20. Plaintiff is entitled to recover their attorneys' fees, litigation expenses and court costs in prosecuting this action pursuant to 18 U.S.C.A. § 2511. § 2511(d)(2) and Tex. Civ. Prac. & Rem. Code Ann. § 123.002. All conditions precedent to Plaintiff's claims for relief have been performed and/or occurred.

21. WHEREFORE, Plaintiff, respectfully requests that (i) Defendant Ramsey Hammad be cited to appear and answer this lawsuit, further requests that upon final trial or hearing, judgment be

awarded against, in favor of Plaintiff, for: (i) actual damages, consequential damages. nominal damages, and/or ECPA statutory damages (as described above) pursuant to 18 U.S.C.A. § 2511. § 2511(d)(2) and Tex. Civ. Prac. & Rem. Code Ann. § 123.002 in an amount to be determined by the trier of fact; (ii) exemplary damages: (iii) treble damages as set forth above; (iv) injunctive relief as set forth above; (v) pre- and post-judgment interest at the highest applicable legal rates; (vi) attorneys' fees and litigation expenses incurred through trial and any appeals; (vii) costs of suit; and (viii) such other and further relief the Court deems just and proper.

## JURY DEMAND

22. Plaintiff, respectfully demands a trial by jury on all of her claims and causes of action so triable.

Respectfully submitted,

RUCKER LAW FIRM, PLLC
By: Hamilton G. Rucker, Esq.
405 Main St. Suite 200
Houston, Texas 77002

ATTORNEY FOR PLAINTIFF