United States District Court
Southern District of Texas
**ENTERED**
September 11, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAGDOLINE S HAMMAD, | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-03142 |
| Plaintiff, | | |
| | | JUDGE CHARLES ESKRIDGE |
| vs. | | |
| RAMSEY HAMMAD, Defendant. | | |

### ORDER

Before the Court is an *ex parte* emergency motion by Plaintiff Magdoline S Hammad seeking a temporary restraining order and preliminary injunction. Dkt 3. The docket does not reflect that Defendant Ramsey Hammad has been served.

The Court has published its procedures on the Southern District of Texas website. Section 3 of those procedures concerns emergencies and *ex parte* applications for restraining orders.

Those procedures state that the "Court doesn't entertain *ex parte* applications for restraining orders unless the initiating party satisfies the requirements of Rule 65(b)." They also direct, "In addition to service required by rule, the initiating party must in good faith attempt immediate informal service on the opposing party by any available means, including forward of the application to last-known mail and email addresses." As to disposition, the procedures state, "The Case Manager will present the application to the Court after receiving written affirmation from the initiating party of contact with the opposing party and availability of all parties for a conference before the Court. Alternatively, the initiating party may provide written explanation that no legal requirement for such contact applies."

Under Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the other party or its attorney only where "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

The current application doesn't comply with either Rule 65(b) or this Court's procedures. There is no support for the present request to proceed without notice to Defendant, nor any indication of efforts made to advise him of this request. No reasons are indicated why notice should not be required. As such, the Court must deny the request. See *Rockwell v Delaney*, 2019 WL 2745754, *2 (WD Tex); *Nguyen v Bank of America, NA*, 2017 WL 4478261, *1 (SD Tex).

The request for a temporary restraining order on an *ex parte* basis is DENIED.

The Court RESERVES decision on whether to grant a preliminary injunction until a later time. The Court directs Plaintiff to follow this Court's procedures with respect to emergency motions. The Court intends to immediately set a compressed briefing schedule and prompt hearing on the motion for preliminary injunction upon service of Defendant.

SO ORDERED.

Signed on September 11, 2020, at Houston, Texas.

*[signature: Chas R Eshridge II]*

Hon. Charles Eskridge
United States District Judge