IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
HOUSTON DIVISION

| | | |
|---|---|---|
| Magdoline S. Hammad, Individually<br>Plaintiff,<br><br>v.<br><br>RAMSEY HAMMAD, Individually<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:20-cv-3142 |

# PLAINTIFF'S VERIFIED AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1. Plaintiff, Magdoline Hammad respectfully moves the court for a motion for temporary restraining order and preliminary injunction against the Defendant, Ramsey Hammad, enjoining him from disseminating, sharing, discussing or disclosing data, photos, images, and audio files which have been illegally procured from Plaintiff's cell phone. Plaintiff is entitled to injunctive relief requiring Defendant, (i) immediately disclose to Plaintiff the precise nature, breadth, scope and extent of their stolen and compromised data, including the specific information comprising the stolen "photos and or electronic messages," (ii) make prompt and detailed disclosure of all recipients that received the stolen information.

**Background**

2. On August 13, 2020 Plaintiff Magdoline Hammad retained Hamilton G. Rucker and the Rucker Law Firm, PLLC to represent her interests in divorce proceedings in Montgomery County, Texas. Between August 28, 2020 and September 7, 2020—Magdoline Hammad and Ramsey Hammad attempted to discuss the details of their divorce before filing suit in state district court. During the evening of September 7, 2020 and until September 8, 2020 without

1

authorization from Plaintiff and while she was sleeping, Defendant Ramsey Hammad accessed Plaintiff's smart phone and computerized data. Defendant then disseminated and published the data wrongfully and illicitly obtained.

3. Defendant surreptitiously hacked the phone of Plaintiff which was password protected. Defendant's knowledge as an IT professional provided him with the know-how to effectuate these illicit acts. At no time has Plaintiff given permission to Defendant to access her phone, e-mails, voicemails, text messages, or call logs. Defendant Ramsey Hammad took sixty (60) screenshots and numerous audio files from the phone of Plaintiff Magdoline S. Hammad, while she slept. Defendant subsequently circulated those screenshots and audio files to more than ten family members and friends of Plaintiff in an effort to embarrass and inflict emotional harm on Plaintiff.

4. Plaintiff incorporates the attached affidavits as evidence of Defendant's acts identifying communications received by witnesses of Mr. Hammad's actions--disseminating screenshots and audio files illegally obtained:

> *Exhibit A-Affidavit of Magdoline Hammad*
>
> *Exhibit B- Affidavit of Dalia Abdalla*
>
> *Exhibit C-Affidavit of Almutasem Elhindi*
>
> *Exhibit D-Affidavit of Jenin Elhindi*
>
> *Exhibit E- Affidavit of Tina Jean Schuessler*

5. Defendant has identified the screenshots and audio as grounds for supporting his fabricated claims of adultery by Plaintiff. On September 8, 2020 Plaintiff filed for divorce from Defendant and a temporary orders hearing is imminent within the next 4-6 weeks. Defendant

Ramsey Hammad has countersued Plaintiff in the divorce proceedings--alleging adultery.

### Violation of Electronic Communications Privacy Act (ECPA)

6.  Defendant's acts are a violation of the Electronic Communications Privacy Act (ECPA); the federal wiretap statute prohibits the interception and use of illegally intercepted communications. The statute prohibits interception of oral or wire communications by use of any electronic, mechanical or other device. The federal wiretap statute prohibits use or disclosure of communications obtained in violation of the statute unless use is otherwise provided by statute.

7.  The federal statute also bars the use of any wrongfully intercepted communication in any proceeding in state or federal court. 18 U.S.C. §2515. Gelbard v. U.S., 408 U.S. 41, 51-52 (1972) [witness could not be forced to disclose testimony from illegal wiretap to grand jury]. The legislative history of the federal wiretap statute indicates that Congress anticipated it would restrict the use of wiretap evidence in divorce cases. Senator Long, chair of the Subcommittee on Administrative Practice and Procedure of the Senate Judiciary Committee, highlighted the need for the statute by explaining that the "three major areas in which private electronic surveillance was widespread were (1) industrial, (2) divorce cases, and (3) politics." Kempf v. Kempf, 868 F.2d 970, 973 (8th Cir. 1979). Senator Hruska, a co-sponsor of the bill, commenting on the scope of the statute, noted that "[a] broad prohibition is imposed on private use of electronic surveillance, particularly in domestic relations and industrial espionage situations." S. Rep No. 1097, 90th Cong. 2d Sess.; Kempf, at 973.

### §123.001 - 123.004 of the Texas Civil Practice and Remedies Code

8.  Texas also has enacted civil and criminal statutes addressing wiretapping. §§123.001 - 123.004 of the Texas Civil Practice and Remedies Code create a civil cause of action for a person whose

3

communication is intercepted in violation of the statute. The statute permits damages and injunctive relief prohibiting divulgence or use of information obtained by an interception of this nature.

9. This statute applies only to interception of communications by "aural" acquisition of the contents of a communication. It does not include purely verbal communications that are not transmitted by wire or cable, and additionally does not apply to electronic mail. Section 123.002 of this wiretap statute grants a cause of action against any person who "divulges information" that was obtained by an illegal wiretap. Additionally, §16.02 of the Texas Penal Code makes unauthorized interception or use or disclosure of the contents of the interception a felony.

## Argument

10. The decision to grant a temporary restraining order and preliminary injunction lies within the discretion of the district court, which should be exercised when the movant demonstrates: (a) a substantial likelihood of success on the merits; (b) a substantial threat of immediate and irreparable harm, for which it has no adequate remedy at law; (c) that greater injury will result from denying the injunctive relief than from it being granted; and (d) that the injunctive relief will not disserve the public interest. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 11 (2008) (equitable factors for injunctive relief); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991); Daniels Health Scis., LLC v. Vascular Health Scis., LLC, 710 F.3d 579, 582 (5th Cir. 2013); Adams EMS, Inc. v. Azar, No. H-18-1443, 2018 WL 3377787, at *3 (S.D. Tex. July 11, 2018).

11. The issuance of relief in the form of the requested temporary restraining order is both permissible and necessary in this matter. See FED. R. CIV. P. 65(b)(1). Defendant's action have clearly violated the applicable federal and state statutes related to illegal wiretapping. A

substantial threat of irreparable harm exists as Defendant is attempting to use the illegally obtained screenshots and audio files to support his false claims of adultery in the divorce action in state district court. By failing to grant injunctive relief Plaintiff will be subject to greater injury; enjoining Defendant's use of the images and files obtained from Plaintiff will disserve the public interest.

## Bond

12.  Plaintiff shall post a bond or cash in lieu of a bond, in conformity with law, in the amount of One Hundred and No/100 Dollars ($100.00).

## Prayer

13.  In light of the foregoing, the Plaintiff respectfully requests that the Court grant the above-requested temporary restraining order enjoining the following:

- Broadcasting confidential information of Plaintiff's cell phone messages, audio, text communications;

- Publishing or distributing information that Defendant obtained by interception of Magdoline Hammad's communication(s) in violation of Section 123.002(a)(2) of the Interception of Communications Act;

- Intercepting or attempting to intercept the communications of Plaintiff through the use of an electronic, mechanical or other device without the consent of a party to the communication in violation of the Electronic Communications Privacy Act; and

Defendant, and all persons and entities acting in concert with or under the direction of Defendant, to preserve—pending further order of this Court—all documents, e-mails, and other traditional or electronic forms of evidence, relating to the subject of this suit.

        Respectfully submitted,

        RUCKER LAW FIRM, PLLC
        By: Hamilton G. Rucker, Esq.
        405 Main St. Suite 200
        Houston, Texas 77002

        ATTORNEY FOR PLAINTIFF MAGDOLINE HAMMAD

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I filed the foregoing with the Clerk of Court via the CM/ECF, additionally a copy of this filing has been served upon counsel for Defendant Ramsey Hamad via electronic mail as follows:

*Hamilton G. Rucker*

Hamilton G. Rucker

John C. LaGrappe
LaGrappe Law PLLC
440 Louisiana Suite 900
Houston, Texas 77002
713.236.7723
Email: jlagrappe@yahoo.com

ATTORNEY'S VERIFICATION

Hamilton G. Rucker affirms under the penalties of perjury that he is an attorney associated with the Rucker Law Firm, PLLC, the attorney for Plaintiff Magdoline Hammad, that he has read the foregoing Amended Temporary Motion for Injunction and Permanent Injunction and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein state to be alleged on information and belief, and that, as to those matters, he believes them to be true.

Dated:  Houston, Texas

      September 15, 2020

                                                *Hamilton G. Rucker*

                                                Hamilton G. Rucker